**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GRAY YOUNGER,

    Plaintiff,

vs.                                                                  CASE NO.:  8:21-cv-01807-VMC-CPT

C.M.C., SRL and
ALL ACCESS EQUIPMENT, INC.,

    Defendants.
_____/

**PLAINTIFF'S OPPOSITION TO ALL ACCESS'
MOTION TO DISMISS OR STRIKE PUNITIVE DAMAGES CLAIM**

Plaintiff, Gray Younger (Plaintiff or Mr. Younger), submits this memorandum in opposition to Defendant All Access Equipment, Inc.'s (All Access) motion to dismiss or strike Plaintiff's claim for punitive damages (Doc. 9) (Motion), based on Fla. Stat. § 768.72.  As set forth below, All Access' Motion should be denied based on Eleventh Circuit precedent which is directly on point.

**I.    THE PLEADING REQUIREMENTS OF FLORIDA STATUTE
§ 768.72 DO NOT APPLY IN FEDERAL DIVERSITY CASES**

This is a product liability case against the manufacturer and exclusive U.S. distributor of an arborist boom which, without warning, catastrophically fractured (see Exhibit B to Complaint) causing the boom bucket to fall 65 feet, resulting in serious injuries to Mr. Younger (¶ 21).  The Complaint further alleges "Defendants continued to manufacture and sell the boom after obtaining knowledge and information that the product was defective and unreasonably unsafe." (¶ 52).  The

Complaint also alleges that All Access was "aware of the probable consequences of the dangerous and defective boom, including the risk of catastrophic failure and serious injury" (¶ 53) and "willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted with conscious indifference, indifference to, and/or flagrant disregard of, the safety of those persons who might foreseeably have been harmed by the boom, including Plaintiff." (¶ 54).

All Access seeks to dismiss the claim for punitive damages asserting that, based on Fla. Stat. § 768.72, Plaintiff may not assert a claim for punitive damages until the Court finds, based on Plaintiff filing a motion and proffering evidence, that there is a factual basis for punitive damages. The Eleventh Circuit, however, in *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1295-99 (11th Cir. 1999), vacated in part on other grounds, 204 F.3d 1069 (11th Cir. 2000) held that Fla. Stat. § 768.72 is in conflict with Federal Rule of Civil Procedure 8(a)(3)'s requirement that a demand for relief, including punitive damages, be included in a litigant's initial pleading. Specifically, the Eleventh Circuit held:

> Our application of *Hanna* leads us to conclude that the pleading component of § 768.72 does not apply in this case due to its conflict with Rule 8(a)(3). For that reason, we hold that the pleading requirements of Florida Statutes § 768.72 are inapplicable in federal diversity cases. It follows that Cohen's request for punitive damages should not have been dismissed for failure to comply with those requirements.

*Cohen*, 184 F.3d at 1299.

Thus, under the Eleventh Circuit's decision in *Cohen*, a federal claimant in a diversity action is not required to seek leave of court before including a prayer for

2

punitive damages in its complaint.[1]  *See also Turner v. Wester,* Case No. 5:20cv199-MCR-MJF at p.12 (N.D. Fla. Apr. 21, 2021) (J. Rodgers) ("pleading of damages is governed by federal rules, and while a *factual* basis is required to state a cause of action, there is no requirement for court approval before pleading punitive damages."); *Shiver v. Bridgestone Ams. Tire Operations, LLC,* Case No. 3:11-cv-1256-J-25JBT (M.D. Fla. Mar. 11, 2013) (J. Toomey) (rejecting any "specificity" requirement for pleading punitive damages in federal diversity cases based on *Cohen*)*; Lang v. City of Largo,* Case No. 8:05-cv-984-T-23EAJ (M.D. Fla. Apr. 6, 2006) (J. Merryday) (denying motion to strike punitive damages claim for failure to comply with Fla. Stat. §768.72 based on *Cohen*).  Additionally, it is undisputed that Florida permits an award of punitive damages in product liability cases. *See e.g., Owens-Corning Fiberglass Corp. v. Rivera,* 683 So. 2d 154 (Fla. 3d DCA 1996) (affirming a $1.5 million punitive damages award against a manufacturer of an asbestos-containing product).

## II.   CONCLUSION

Plaintiff's Motion should be denied.  The Eleventh Circuit in *Cohen*, and numerous courts following *Cohen*, have held that Fla. Stat. § 768.72 does not apply in federal diversity cases and that a federal claimant in a diversity action is not required to seek leave of court before including a prayer for punitive damages in its complaint.

---

[1] All of the federal district court cases cited by All Access in the Motion are prior to the Eleventh Circuit's decision in *Cohen* and therefore are, respectfully, overruled by *Cohen*.

/s/*John D. Goldsmith*
JOHN D. GOLDSMITH
Florida Bar No. 0444278
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
813-223-7474 | 813-229-6553 (fax)
jgoldsmith@trenam.com
idawkins@trenam.com
svanboskerck@trenam.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on August 20, 2021 with the Clerk of Court by using the Florida Middle District Court's CM/ECF e-filing portal, which will send a notice of electronic filing and copy to the parties and counsel of record:

Ashlee Y. McGinnas, Esq.
Matthew D. Miller, Esq.
Baumann, Gant & Keeley, P.A.
1000 N. Ashley Dr., Suite 270
Tampa, FL  33602
*Attorneys for Defendant,*
*All Access Equipment, Inc.*

/s/*John D. Goldsmith*
Attorney