```
              UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

GRAY YOUNGER,

        Plaintiff,
v.                                  Case No. 8:21-cv-1807-VMC-CPT

C.M.C., SRL, and
ALL ACCESS EQUIPMENT, INC.,

        Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant All Access Equipment, Inc.'s Motion to Dismiss or Strike Count V of the Complaint (Doc. # 9), filed on August 19, 2021. Plaintiff Gray Younger responded on August 20, 2021. (Doc. # 10). For the reasons below, the Motion is denied but Younger is directed to file an amended complaint.

**I.**    **Background**

Younger initiated this products liability action on July 26, 2021, asserting claims against All Access Equipment and Defendant C.M.C., SRL for defective design (Count I), defective manufacture (Count II), failure to warn (Count III), negligence (Count IV), and punitive damages (Count V). (Doc. # 1).

Now, All Access Equipment seeks to dismiss or strike

1

Count V of the complaint — the claim for punitive damages. (Doc. # 9). Younger has responded (Doc. # 10), and the Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to "well-pleaded factual

2

allegations, documents central to or referenced in the [counterclaim and third-party complaint], and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike are considered drastic remedies, and are thus disfavored by courts. See Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). They are generally denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Agan v. Katzman & Korr, P.A., 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004) (citations omitted).

III. **Analysis**

All Access Equipment argues that the claim for punitive damages should be dismissed or stricken as violating Florida Statutes § 768.72, which states in relevant part that "[i]n any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Fla. Stat.

3

Ann. § 768.72(1); (Doc. # 9 at 4). According to All Access Equipment, "without discovery, there is no record evidence that exists that [Younger] can make a reasonable showing that would establish a reasonable basis for recovery of punitive damages. Further, prior to punitive damages being asserted, a judicial determination must occur that 'reasonable evidentiary basis exists for the claim.' No judicial determination has been made. As such, [Younger's] claim for punitive damages cannot survive." (Doc. # 9 at 4).

The Court rejects this argument. "Federal courts sitting in diversity are required to apply state substantive law and federal procedural law. . . . Federal procedural rules govern over conflicting state law." Moss v. Liberty Mut. Fire Ins. Co., No. 3:16-cv-677-BJD-JBT, 2017 WL 4676629, at *3 (M.D. Fla. Aug. 18, 2017) (citations omitted). "The Eleventh Circuit has held that the portion of [Florida Statute § 768.72] prohibiting pleading punitive damages in the initial complaint conflicts with Federal Rule of Civil Procedure 8(a)(3) and therefore does not apply." McFarland v. Conseco Life Ins. Co., No. 3:09-cv-598-MCR, 2009 WL 3231634, at *1 (M.D. Fla. Oct. 2, 2009) (citing Cohen v. Office Depot, Inc., 184 F.3d 1292, 1298 (11th Cir. 1999), vacated in part on other grounds, 204 F.3d 1069, 1076–77, 1083 (11th Cir. 2000)).

4

Thus, Younger was not required to obtain a judicial determination as to the evidentiary basis of the claim before pleading his request for punitive damages in the complaint. See Cohen, 184 F.3d at 1299 ("[W]e hold that the pleading requirements of Florida Statutes § 768.72 are inapplicable in federal diversity cases. It follows that Cohen's request for punitive damages should not have been dismissed for failure to comply with those requirements."); Turner v. Wester, No. 5:20-cv-199-MCR-MJF, 2021 WL 1564324, at *4 (N.D. Fla. Apr. 21, 2021) ("[T]he pleading of damages is governed by federal rules, and while a *factual* basis is required to state a cause of action, there is no requirement for court approval before pleading punitive damages."). Additionally, the complaint sufficiently alleges a basis for punitive damages to survive the motion to dismiss stage.

Therefore, the Motion is denied. Still, the Court notes that Younger should not have pled his request for punitive damages as a separate count. Indeed, "a request for . . . punitive damages is not a cause of action." Dorman v. Aronofsky, No. 18-61392-CIV, 2018 WL 11251702, at *1 (S.D. Fla. Aug. 3, 2018). Younger should file an amended complaint that instead requests punitive damages in the prayer for relief for the relevant causes of action.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant All Access Equipment, Inc.'s Motion to Dismiss or Strike Count V of the Complaint (Doc. # 9) is **DENIED.** However, Plaintiff Gray Younger is directed to file an amended complaint that does not include a request for punitive damages as a separate cause of action by **October 25, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of October, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE