UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRAY YOUNGER,

    Plaintiff,

v.                           CASE NO.:  8:21-cv-1807

C.M.C., SRL and
ALL ACCESS EQUIPMENT, INC.,

    Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, GRAY YOUNGER (Plaintiff or Mr. Younger) brings this lawsuit against Defendants, C.M.C., SRL and ALL ACCESS EQUIPMENT, INC. (collectively, Defendants), and alleges as follows:

### PARTIES

1.      Plaintiff is, and was at all relevant times, a citizen and resident of Polk County, Florida, and the United States.

2.      Defendant C.M.C., S.R.L. (CMC) is a company organized, existing and incorporated in the country of Italy, with its principal place of business located in Bari, Italy and who manufactures products which are sold in the United States, including within the Middle District of Florida.

3.      Defendant, All Access Equipment, Inc. (All Access) is a Massachusetts Corporation with its principal place of business located in Massachusetts, which sells products manufactured by CMC in the United States, including within the

Middle District of Florida.  All Access is a successor to all of the rights and liabilities of All Access Equipment, LLC, a Massachusetts Limited Liability Company, pursuant to the terms of the Articles of Entity Conversion, attached hereto as **Exhibit A**.

4.      Defendants are individually, jointly and severally liable to Plaintiff for damages suffered by Plaintiff arising from the Defendants' design, manufacture, marketing, labeling, distribution, sale and placement of the boom product at issue in the instant action, effectuated directly and indirectly through their respective agents, servants, employees and/or owners, all acting within the course and scope of their representative agencies, services, employments and/or ownership.

5.      The amount in controversy is in excess of $75,000, exclusive of interest, costs, and attorneys' fees.

6.      Defendants are vicariously liable for the acts and/or omissions of its employees and/or agents who were at all times relevant acting on behalf of Defendants and within the scope of their employment or agency with Defendants.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on complete diversity of citizenship between Plaintiff and all Defendants, and that the amount in controversy exceeds $75,000.

8.      This Court has personal jurisdiction over each of the Defendants pursuant to the Florida Long-Arm Statute, § 48.193.  Defendants transact business within the State of Florida, and Defendants committed tortious acts and omissions

in Florida.  Defendants' tortious acts and omissions caused injury to Plaintiff in the State of Florida.   Defendants have purposefully engaged in the business of developing, manufacturing, publishing information, marketing, distributing, promoting and/or selling, either directly or indirectly, through third parties, as successor in interest, or other related entities, equipment, including the boom at issue in this case, in Florida, for which they derived significant and regular income. Defendants reasonably expected that their defective products, including the boom involved in this case, would be sold and used in Florida.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff was injured in Polk County, Florida as a result of the defective design, manufacture, and failure to warn of the dangers of a piece of equipment put in the stream of commerce and sold to Plaintiff's employer in Polk County, Florida.

## FACTS COMMON TO ALL COUNTS

10.     Mr. Younger was an employee of Medlock Tree Service, Inc. (Medlock), a corporation organized and existing under the laws of the State of Florida, for over seven years as of October 2020.

11.     Medlock is, and has been for more than 20 years, in the business of trimming, landscaping, maintaining and otherwise taking care of trees.

12.     Mr. Younger worked for Medlock, trimming and maintaining trees.

13.     Mr. Younger was well-trained and experienced in operating and working in a boom while trimming trees.

14.     Mr. Younger has, and had, at all relevant times to this lawsuit, substantial experience and training working in, and operating, a CMC 2018 83 HD+Arbor Pro (the Boom), a boom manufactured by CMC and sold by its exclusive U.S. distributor, All Access, to Medlock with a delivery date in approximately December 2017.

15.     CMC and All Access advertise and promote the Boom as "designed with the top safety technology available", as "[t]he only tracked lift designed from the ground up for tree work, for arborists by arborists", and that it "comes equipped standard with more redundant safety devices to provide a safer work environment".

16.     CMC and All Access further advertised and promoted the Boom as follows:  "New stiff boom technology combined with high quality tight fitting components and an extra-large rotation bearing, contribute to the 'rock solid feel' in any position of the lift.  Due to the lightness, competitor lifts are often flimsy, shaky, rickety and wimpy".

17.     CMC and All Access also advertised and promoted the Boom with various videos which emphasize the safety of the Boom.

18.     Medlock and Mr. Younger at all times maintained the Boom in accordance with the maintenance requirements provided by CMC and All Access.

19.     In October 2020, Mr. Younger was in the boom bucket of the Boom trimming and otherwise maintaining trees at a client of Medlock's, Bok Tower Gardens in Lake Wales, Polk County, Florida.

20.     Mr. Younger, at all times, was operating the Boom in accordance with the specifications and directions provided by CMC and All Access.

21.     While Mr. Younger was in the Boom trimming a tree in Polk County at Bok Tower Gardens, the arm of the Boom fractured due to a defect in the design and/or manufacturer of the Boom, and as a result of Defendants failing to provide adequate warnings.  This caused a catastrophic failure and complete fracture of the arm of the Boom, with the boom bucket dropping approximately 65 feet before hitting the ground, causing serious personal injuries to Mr. Younger.  Attached as **Composite Exhibit B** are pictures of the fractured Boom.

22.     Approximately four months after the catastrophic failure of the Boom causing serious personal injuries to Mr. Younger, the identical model boom (i.e., a CMC 83 HD+Arbor Pro) fractured in the identical place on the boom in Wisconsin, causing serious personal injuries to the arborist in the boom bucket.

23.     In August 2021, the identical model boom (i.e., a CMC 83 HD+Arbor Pro) fractured in the identical place on the boom in Michigan, resulting in the death to the arborist in the boom bucket.

24.     Defendants continued to manufacture and sell the Boom after obtaining knowledge and information that the product was defective and unreasonably unsafe.

25.     Defendants are, and were, aware of the probable consequences of the dangerous and defective Boom, including the risk of catastrophic failure and serious injury, such as suffered by Plaintiff, Gray Younger.

26.     Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted with conscious indifference, indifference to, and/or flagrant disregard of, the safety of those persons who might foreseeably have been harmed by the Boom, including Plaintiff.

27.     Defendants' conduct was so reckless and wanton in care that it constituted a conscious disregard and indifference to the life, safety, and rights of Mr. Younger and others operating a CMC 83 HD+Arbor Pro boom.

## COUNT I

## STRICT PRODUCT LIABILITY: DEFECTIVE DESIGN

28.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

29.     At the time the Boom was shipped to All Access and All Access sold and shipped the Boom to Medlock, the product was defectively designed.  As described above, there was an unreasonable risk that the product would not perform safely and effectively for the purposes for which it was intended, and Defendants failed to design against such dangers, and further failed to provide adequate warnings and instructions concerning these risks.

30.     Defendants expected and intended the Boom to reach and be utilized by users such as Plaintiff in the condition in which the product was sold.

31.     The use of the Boom by Medlock and Plaintiff was reasonable, and was a type of use that Defendants intended and foresaw when it designed, manufactured and sold the product.

6

32.     The risks of the Boom significantly outweigh any benefits that Defendants contend could be associated with the product.  Specifically, the Boom was not designed in such a way to prevent the arm of the Boom from breaking while being used for its intended purpose.

33.     At the time the Boom was manufactured and sold by Defendants, there were safer and more feasible alternate designs for booms that would have prevented the injuries suffered by Mr. Younger.

34.     The Boom failed to reasonably perform as intended, resulting in significant, serious and permanent injuries to Plaintiff.

35.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Boom, Plaintiff suffered severe injuries and damages.

## COUNT II

## STRICT PRODUCT LIABILITY:  DEFECTIVE MANUFACTURE

36.     Plaintiff realleges and incorporates by reference the allegations in contained in paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

37.     At the time the Boom was shipped to All Access and All Access sold and shipped the Boom to Medlock, the product was defectively manufactured.  As described above, there was an unreasonable risk that the product would not perform safely and effectively for the purposes for which it was intended, and Defendants failed to manufacture the Boom to guard against such dangers, and failed to provide adequate warnings and instructions concerning these risks.

38.     Defendants expected and intended the Boom to reach, and be utilized by, users such as Plaintiff in the condition in which the product was sold.

39.     The risks of the Boom significantly outweigh any benefits that Defendants contend could be associated with the product.  Specifically, the Boom was not manufactured in such a way that the arm of the Boom would not break while being used for its intended purpose.

40.     At the time the Boom was manufactured and sold by Defendants, there were safer and more feasible alternate ways to manufacture booms that would have prevented the injuries suffered by Mr. Younger.

41.     The Boom failed to reasonably perform as intended, resulting in significant, serious and permanent injuries to Mr. Younger.

42.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Boom, Mr. Younger suffered severe injuries and damages.

## COUNT III

## STRICT PRODUCT LIABILITY:  FAILURE TO WARN

43.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

44.     At the time the Boom was sold to Medlock, and at all times relevant to the claims in this lawsuit, the warnings and instructions provided by Defendants were inadequate and defective.  As described above, there was an unreasonable risk that the product would not perform safely and effectively for the purposes for

which it was intended, and Defendants failed to design and/or manufacture against such dangers, and failed to provide adequate warnings and instructions concerning these risks.

45.     Defendants expected and intended the Boom to reach, and be utilized by, users such as Plaintiff in the condition in which the product was sold.

46.     Plaintiff and his employer, Medlock, who purchased the CMC Boom from All Access, were unaware of the defects and dangers of the Boom, and were unaware of the frequency, severity and duration of the defects and risks associated with the Boom.

47.     The Defendants' instructions for use provided with the Boom expressly understate and misstate the risks associated with the Boom.

48.     The Defendants' instructions for use of the Boom failed to adequately warn Plaintiff's employer, Medlock, of numerous risks which Defendants knew or should have known were associated with the Boom, including the risk that the Boom arm would break and fail under normal operating conditions, resulting in serious personal injuries to the occupant of the Boom bucket.

49.     Defendants failed to adequately train or warn Plaintiff or his employer, Medlock, about the necessity to regularly inspect the Boom by checking for any possible damage on the bottom part of the Boom at the place where the Boom failed.

50.     If Plaintiff and/or his employer, Medlock, had been properly warned of the defects and dangers of the Boom, and of the frequency, severity and duration

9

of the risks associated with the Boom, Plaintiff would not have used the Boom and Plaintiff would not have been injured.

51.     As a direct and proximate result of the inadequate and defective warnings and instructions, Plaintiff suffered injuries and damages.

## COUNT IV

## NEGLIGENCE

52.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

53.     Defendants had a duty to use reasonable care in designing, testing, inspecting, manufacturing, packaging, labeling, marketing, distributing, and preparing written instructions and warnings for the Boom, but failed to do so.

54.     Defendants knew, or in the exercise of reasonable care, should have known, that the Boom was defectively and unreasonably designed and/or manufactured, and was unreasonably dangerous and likely to injure individuals who used the Boom.  Defendants knew or should have known that Plaintiff and Plaintiff's employer, Medlock, were unaware of the dangers and defects inherent in the Boom.

55.     As a direct and proximate result of Defendants' negligence in designing, testing, inspecting, manufacturing, packaging, labeling, marketing, distributing, and preparing written instructions and warnings for the Boom, Plaintiff suffered injuries and damages.

**WHEREFORE**, as a result of the acts and omissions and conduct of Defendants set forth herein, Plaintiff, Gray Younger, respectfully demands recovery for his personal injuries including:  past, present and future medical and related expenses; past, present and future lost wages; past, present and future loss of earning capacity; past, present and future mental and physical pain and suffering; consequential damages; the costs of this action; and punitive damages in an amount sufficient to punish, penalize and deter Defendants from similar future conduct.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a trial by jury on all claims in this lawsuit.

> *s/ John D. Goldsmith*
> JOHN D. GOLDSMITH
> Florida Bar No. 444278
> Trenam, Kemker, Scharf, Barkin,
> Frye, O'Neill & Mullis, P.A.
> 101 East Kennedy Blvd., Suite 2700
> Tampa, Florida  33602
> Tel:  813-223-7474
> Fax: 813-229-6553
> jgoldsmith@trenam.com
> idawkins@trenam.com
> svanboskerck@trenam.com
> *Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing **Amended Complaint** was electronically filed on October 22, 2021 with the Clerk of Court

11

by using the Florida Middle District Court's CM/ECF e-filing portal, which will

send a notice of electronic filing and copy to the parties and counsel of record:

> Ashlee Y. McGinnas, Esq.
> Matthew D. Miller, Esq.
> Baumann, Gant & Keeley, P.A.
> 1000 N. Ashley Dr., Suite 270
> Tampa, FL  33602
> amcginnas@baumannlegal.com
> *Attorneys for Defendant,*
> *All Access Equipment, Inc.*
>
> Steven E. Hermosa, Esq.
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 111 North Orange Avenue, Suite 1200
> Orlando, FL  32801
> steven.hermosa@wilsonelser.com
> *Attorneys for Defendant, C.M.C.  SRL*

*/s/John D. Goldsmith*
Attorney
